# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### (Filed:  September 23, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| CAROLINE COURBOIS, | * | |
| | * | No. 13-939V |
| Petitioner, | * | |
| | * | |
| v. | * | Special Master Hamilton-Fieldman |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Ruling on Entitlement; Conceded; |
| | * | Influenza (Flu) Vaccine; Shoulder Injury |
| Respondent. | * | Related to Vaccine Administration |
| | * | (SIRVA). |
| * * * * * * * * * * * * * * | * | |

Peter Meyers, National Law Center, Washington, D.C., for Petitioner.
Michael Milmoe, United States Department of Justice, Washington, D.C., for Respondent.

## RULING ON ENTITLEMENT[1]

On November 27, 2013, Caroline Courbois ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleged that an influenza ("flu") vaccination she received on January 10, 2013 caused her to suffer from a shoulder injury related to vaccine administration ("SIRVA").

On September 22, 2014, Respondent filed a report pursuant to Vaccine Rule 4(c) in which she concedes that Petitioner is entitled to compensation in this case.  Specifically, Respondent agrees that Petitioner's alleged injury is consistent with SIRVA.  Based on a review

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006).  In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

of the medical records, Respondent concludes that Petitioner has satisfied all legal prerequisites for compensation under the Act.

A special master may determine whether a petitioner is entitled to compensation based upon the record.  A hearing is not required.  §300aa-13; Vaccine Rule 8(d).  In light of Respondent's concession and a review of the record, the undersigned finds that Petitioner is entitled to compensation.  This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master